IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**KITCHINVENTIONS, LLC**, a Florida
Limited Liability Company,

          Plaintiff,           Case No.:

  v.

**WALMART INC.,** a Delaware Corporation,

          Defendant.

_____/

## COMPLAINT

Pursuant to the applicable rules of this Court, Plaintiff, Kitchinventions, LLC (hereinafter, "Plaintiff" or "Kitchinventions"), sues Defendant, Walmart Inc. (hereinafter "Defendant" or "Walmart") and alleges:

## NATURE OF THE ACTION

This is an action for patent infringement arising from Walmart's unauthorized sale of a suction spoon rest that infringes Kitchinvention's United States utility and design patents. Walmart's conduct is unlawful and must be enjoined.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Kitchinvention's claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that these claims arise under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*.

2. This Court has personal jurisdiction over Walmart in that it is registered to do business in the State of Florida and otherwise operates, conducts, engages in, and/or carries on a business or business venture in the State of Florida, namely through its 385 retail stores throughout

1

the state.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Walmart has committed acts of infringement in this District and has a regular and established place of business within this District, namely its numerous retail stores throughout the counties of this District including in Palm Beach, Broward, and Miami-Dade counties.

## THE PARTIES

4. Kitchinventions is a limited liability company organized and existing under the laws of the state of Florida and has its principal offices at 11 East Riverside Drive, Unit B, Jupiter, FL 33469.

5. Kitchinventions is a consumer products development, manufacturing, distribution, and retail company specializing in kitchen products.

6. Walmart is a Delaware corporation with principal business offices located at 702 SW 8th St, Bentonville, Arkansas 72716.

## FACTS COMMON TO ALL COUNTS

7. On February 18, 2020, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 10,561,279 (the "279 Patent") entitled "Utensil Rest."

8. The '279 Patent matured from U.S. Patent App. No. 15/968,815 filed on May 2, 2018, which claims priority to U.S. Provisional App. No. 62/505,260 filed on May 12, 2017. A true and correct copy of the '279 Patent is attached as Exhibit A.

9. On June 9, 2020, the USPTO issued U.S. Design Patent No. D886,547 (the "'547 Patent") entitled "Utensil Rest."

10. The '547 Patent matured from U.S. Design Patent App. No. 29/646,129, filed on May 2, 2018. A true and correct copy of the '547 Patent is attached as Exhibit B.

11. Kitchinventions is the owner by assignment of all right, title, and interest in and to the '279 Patent and the '547 Patent (collectively, the "Asserted Patents").

12. The Asserted Patents cover Kitchinvention's **Spoon Buddy**-branded utensil rest which is marketed and sold through Kitchinvention's website (www.kitchinventions.com), Amazon, HSN, HomeGoods, and Bed Bath & Beyond, among other online and physical retail outlets.

13. Kitchinvention's **Spoon Buddy**-branded utensil was also pitched to Walmart in 2018.

14. To date, Kitchinventions has sold approximately 50,000 units of the patented product, which is manufactured exclusively in the United States. Attached as Exhibit C are photographs of Kitchinventions' authentic **Spoon Buddy**-branded utensil rest.

15. In September 2021, Kitchinventions became aware that Walmart was importing, distributing, and selling a "Cuisinart Suction Spoon Rest" (the "Infringing Product"), which is a silicone bowl-like device with a handle rest, retention tab, and suction cup indistinguishable from the inventions claimed in the Asserted Patents and Kitchinventions **Spoon Buddy**-branded utensil rest.

16. The Infringing Product is manufactured in China and imported into the United States by Best Brands Consumer Products, Inc. and/or Best Brands Sales Company, LLC (collectively, "Best Brands") for distribution and sale to retailers such as Walmart.

17. Defendant purchased the Infringing Product from Best Brands, in quantity, for sale by Walmart at physical retail and ecommerce channels. Attached as Exhibit D are photographs of the Infringing Product as found on store shelves in Walmart.

18. The Infringing Product is available for purchase at Walmart stores throughout this District, including at Walmart locations in Stuart, Florida and Jupiter, Florida.

19. On September 14, 2021, Kitchinventions wrote to Walmart stating that Walmart was infringing the Asserted Patents and demanding Walmart immediately cease all manufacture, importation, distribution, and sale of the Infringing Product. A true and correct copy of this demand letter is attached as Exhibit E.

20. As of the date of this Complaint, and despite acknowledging receipt of Kitchinventions' demand letter, the Infringing Product remains on sale at Walmart's retail stores.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 10,561,279

Kitchinventions repeats and incorporates each and every allegation in paragraphs 1 through 20.

21. As demonstrated in the claim chart attached as Exhibit F, the Infringing Product includes each and every element of at least claim 1 of the '279 Patent.

22. The Infringing Product comprises: (a) a main body having a perimeter rim; (b) a handle rest extending outward and away from the main body at an upward angle relative to a top plane of the main body; (c) a retention tab disposed on the perimeter rim of the main body, the retention tab extending inward toward a center of the main body; and (d) a suction cup attached to a bottom surface of the main body.

23. Walmart has directly infringed the '279 Patent by making, using, offering to sell and/or selling the Infringing Product which directly infringes at least claim 1 of the '279 Patent, in violation of 35 U.S.C. § 271(a).

24. Alternatively, Walmart has directly infringed the '279 Patent by making, using, offering to sell and/or selling the Infringing Product which infringe at least claim 1 of the '279 Patent under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

25. Walmart's unlawful acts are not authorized or licensed by Kitchinventions.

26. Kitchinventions has put Walmart on actual and/or constructive notice of Kitchinventions' rights in the '279 Patent but Walmart has not ceased its infringing activities.

27. Kitchinventions has been damaged by Walmart's acts of infringement of the '279 Patent in an amount to be determined, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

28. Walmart's infringement has been willful and intentional, entitling Kitchinventions to enhanced damages pursuant to 35 U.S.C. § 284.

29. This is an exceptional case, entitling Kitchinventions to recovery of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

30. Unless Walmart is restrained from continuing its wrongful acts, Kitchinventions will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D886,547

Kitchinventions repeats and incorporates each and every allegation in paragraphs 1 through 20.

31. With respect to the '547 Patent, the claim chart attached as <u>Exhibit G</u> demonstrates that the resemblance between the patented design and the Infringing Product is such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived into purchasing the Infringing Product supposing it to be the patented design.

32. Walmart has directly infringed the '547 Patent by making, using, offering to sell and/or selling the Infringing Product which infringes the claim of the '547 Patent, in violation of 35 U.S.C. § 271(a).

33. Walmart's unlawful acts are not authorized or licensed by Kitchinventions.

34. Kitchinventions has put Walmart on actual and/or constructive notice of

Kitchinventions' rights in the '547 Patent but Walmart has not ceased its infringing activities.

35. Kitchinventions has been damaged by Walmart' acts of infringement of the '547 Patent in an amount to be determined, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

36. Walmart's infringement has been willful and intentional, entitling Kitchinventions to enhanced damages pursuant to 35 U.S.C. § 284.

37. This is an exceptional case, entitling Kitchinventions to recovery of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

38. Unless Walmart is restrained from continuing its wrongful acts, Kitchinventions will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## **JURY DEMAND**

Kitchinventions hereby demands on jury trial on all claims and issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Kitchinventions demands the following relief against Walmart:

A. Entry of a judgment against Walmart awarding Kitchinventions its damages in an amount to be determined but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

B. Entry of a judgment against Walmart awarding Kitchinventions treble damages pursuant to 35 U.S.C. § 284;

C. Entry of a judgment finding that this is an exceptional case and ordering Walmart to pay to Kitchinventions its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

D. Entry of a judgment permanently enjoining and restraining Walmart, its officers, directors, principals, managers, agents, servants, employees, and attorneys, and those in

active concert or participation with any of the foregoing from further acts of infringement of the Asserted Patents; and

   E. Ordering Kitchinventions be awarded such other and further relief as the Court finds just and proper.

Dated: November 12, 2021          Respectfully submitted,

                  BERGER SINGERMAN LLP
                  *Attorneys for Plaintiff*
                  201 East Las Olas Boulevard, Suite 1500
                  Fort Lauderdale, Florida 33301
                  Telephone: (954) 525-9900
                  Facsimile: (954) 523-2872

                  By: *s/ Geoffrey Lottenberg*
                    Michael J. Higer
                    Florida Bar No. 500798
                    mhiger@bergersingerman.com
                    drt@bergersingerman.com
                    Geoffrey Lottenberg
                    Florida Bar No. 56240
                    glottenberg@bergersingerman.com
                    drt@bergersingerman.com