IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-82068 MIDDLEBROOKS/MATTHEWMAN

KITCHINVENTIONS, LLC,
a Florida limited liability company,

                Plaintiff,

    v.

WALMART INC.,
a Delaware corporation,

CONAIR LLC,
a Delaware limited liability company,

BEST BRANDS CONSUMER PRODUCTS INC.,
a New Jersey corporation,

BEST BRANDS LICENSING, LLC,
a New Jersey limited liability company,

                Defendants.
_____

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Pursuant to Fed. R. Civ. P. 15(a)(1), plaintiff, Kitchinventions, LLC ("Plaintiff" or "Kitchinventions"), sues defendants, Walmart Inc. ("Walmart"), Conair LLC, ("Conair"), Best Brands Consumer Products Inc., and Best Brands Licensing, LLC (collectively, "Best Brands") (collectively as to all, "Defendants") for damages and injunctive relief and alleges:

**NATURE OF THE ACTION**

This is an action for patent infringement arising from the Defendants' unauthorized manufacture, use, importation into the United States, offer to sell, and sale of a suction spoon rest that infringes Kitchinvention's United States utility and design patents.

Defendants' conduct is unlawful and must be enjoined.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Kitchinvention's claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that these claims arise under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

2. This Court has personal jurisdiction over Walmart in that it is registered to do business in the State of Florida and otherwise operates, conducts, engages in, and/or carries on a business or business venture in the State of Florida, namely through its 385 retail stores throughout the state.

3. This Court has general and specific personal jurisdiction over Conair, which operates, conducts, engages in, or carries on a business in the State of Florida, it maintains a regular place of business in the State of Florida, it maintains a registered agent in this State, it has employee(s) and/or agent(s) residing and working in the State of Florida, and it committed a tortious act in the State of Florida through its infringement.

4. This Court has specific personal jurisdiction over Best Brands, as it committed a tortious act in the State of Florida through its infringement. On information and belief, Best Brands operates, conducts, engages in, or carries on a business in the State of Florida. Best Brands also caused injury to Kitchinventions within the State of Florida by its acts of infringement where the infringing product was used or consumed in Florida in the ordinary course of commerce, trade, or use.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Walmart and Conair have committed acts of infringement in this District and each has a regular and established place of business within this District, namely Walmart's numerous

retail stores throughout the counties of this District including in Palm Beach, Broward, and Miami-Dade Counties, and Conair's field office in Broward County.

## THE PARTIES

6. Kitchinventions is a limited liability company organized and existing under the laws of the state of Florida and has its principal offices at 11 East Riverside Drive, Unit B, Jupiter, FL 33469.

7. Kitchinventions is a consumer products development, manufacturing, distribution, and retail company specializing in kitchen products.

8. Walmart is a Delaware corporation with principal business offices located at 702 SW 8th St, Bentonville, Arkansas 72716.

9. Conair is a Delaware corporation with principal business offices located at 1 Cummings Point Road, Stamford, Connecticut 06902. On information and belief, Conair also maintains a "Field Office" within this District in Boca Raton, FL as well as employees or agents residing in, and operating from, the State of Florida including this District. On information and belief, Conair also contracts with persons in the State of Florida to be official or authorized sellers of Cuisinart branded products.

10. Best Brands Consumer is a New Jersey corporation with principal business offices at 20 West 33rd Street, Floor 5, New York, NY 10001.

11. Best Brands Licensing is a New Jersey limited liability company with principle business offices at 20 West 33rd Street, Floor 5, New York, NY 10001.

## FACTS COMMON TO ALL COUNTS

12. On February 18, 2020, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 10,561,279 (the "'279 Patent") entitled "Utensil Rest."

13. The '279 Patent matured from U.S. Patent App. No. 15/968,815 filed on May 2, 2018, which claims priority to U.S. Provisional App. No. 62/505,260 filed on May 12, 2017. A true and correct copy of the '279 Patent is attached as Exhibit A.

14. On June 9, 2020, the USPTO issued U.S. Design Patent No. D886,547 (the "'547 Patent") entitled "Utensil Rest."

15. The '547 Patent matured from U.S. Design Patent App. No. 29/646,129, filed on May 2, 2018. A true and correct copy of the '547 Patent is attached as Exhibit B.

16. Kitchinventions is the owner by assignment of all right, title, and interest in and to the '279 Patent and the '547 Patent (collectively, the "Asserted Patents").

17. The Asserted Patents cover Kitchinvention's Spoon Buddy-branded utensil rest (the "Genuine Product") which is marketed and sold through Kitchinvention's website (www.kitchinventions.com), Amazon, HSN, HomeGoods, and Bed Bath & Beyond, among other online and physical retail outlets.

18. Kitchinvention's Spoon Buddy-branded utensil rest was also pitched to Walmart in 2018.

19. To date, Kitchinventions has sold at least 50,000 units of the patented product, which is manufactured exclusively in the United States. Attached as Exhibit C are photographs of Kitchinventions' authentic Spoon Buddy-branded utensil rest.

20. In September 2021, Kitchinventions became aware that the Defendants were importing, distributing, and selling a "Cuisinart Suction Spoon Rest" (the "Infringing Product"), which is a silicone bowl-like device with a handle rest, retention tab, and suction cup—a product indistinguishable from the inventions claimed in the Asserted Patents and Kitchinventions Spoon Buddy-branded utensil rest.

21. The Infringing Product is marketed through packaging which resembles the

packaging of the Genuine Product, including:

- a cardboard display and holder of approximately three inches by five inches;
- placement of the product on the lower portion of the display card;
- black, red, and white color scheme on the front of the display card;
- use of a series of three images depicting sequential use of the product on the righthand side;
- "3-in1" descriptive text; and
- on the back side of the display card, a photograph and diagram with arrows highlighting features of the product, and with identical language "catch tab," "extended support arm," "suction base," and "easy release."

22. A side-by-side comparison of the Infringing Product and the Genuine Product, in their respective packaging, both front and back, is attached as Exhibit D.

23. On information and belief, Defendants Conair and/or Best Brands created the packaging for the Infringing Product based on and with a goal of imitating the product packaging of Kitchinventions' Genuine Product.

24. On information and belief, the Infringing Product is manufactured in China and imported into the United States by Best Brands and/or Conair for distribution and sale to retailers such as Walmart.

25. On information and belief, Conair has control over the manufacture, importation, and/or distribution of the Infringing Product by Best Brands, which are sold and offered for sale under Conair's brand Cuisinart. The packaging of the Infringing Product displays the Cuisinart brand, including its registered trademark, and the Infringing Product itself displays the Infringing Product.

26. Walmart purchased the Infringing Product from Best Brands, in quantity, for

sale by Walmart at physical retail and ecommerce channels. Attached as Exhibit E are photographs of the Infringing Product as found on store shelves in Walmart.

27.   The Infringing Product is available for purchase at Walmart stores throughout this District, including at Walmart locations in Stuart, Florida and Jupiter, Florida.

28.   On September 14, 2021, Kitchinventions wrote to Walmart, Conair, and Best Brands stating that each was infringing the Asserted Patents and demanding each defendant immediately cease all manufacture, importation, distribution, and sale of the Infringing Product.  A true and correct copy of each demand letter is attached as Exhibit F.

29.   On November 16, 2021, after the filing of the Complaint in this action, Best Brands filed a complaint in the District of New Jersey styled *Best Brands Consumer Products, Inc. et al. v. Kitchinventions, LLC*, No. 2:21-cv-20023-JMV-MAH (D. N.J.) (the "New Jersey Action"). In the Complaint [D.E. 1] of the New Jersey Action, Best Brands admitted *inter alia* that a) "Best Brands offers the Cuisinart Suction Spoon Rest product at issue in this litigation for sale to customers in the United States;" (at ¶ 9) and b) Walmart is "Best Brands' customer" (at ¶ 13).

30.   As of the date of this Complaint, and despite acknowledging receipt of Kitchinventions' demand letter, the Infringing Product remains on sale at Walmart's retail stores, and Best Brands continues to make, use, import, offer to sell, and sell Infringing Product to Walmart and other retailers.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,561,279**
against Walmart and Best Brands

Kitchinventions repeats and incorporates each and every allegation in paragraphs 1 through 30.

31.     As demonstrated in the claim chart attached as Exhibit G, the Infringing Product includes each and every element of at least claim 1 of the '279 Patent.

32.     The Infringing Product comprises: (a) a main body having a perimeter rim; (b) a handle rest extending outward and away from the main body at an upward angle relative to a top plane of the main body; (c) a retention tab disposed on the perimeter rim of the main body, the retention tab extending inward toward a center of the main body; and (d) a suction cup attached to a bottom surface of the main body.

33.     Walmart and Best Brands have directly infringed the '279 Patent by making, offering to sell, and/or selling the Infringing Product which directly infringes at least claim 1 of the '279 Patent, in violation of 35 U.S.C. § 271(a).

34.     Alternatively, Walmart and Best Brands have directly infringed the '279 Patent by making, offering to sell, and/or selling the Infringing Product which infringe at least claim 1 of the '279 Patent under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

35.     Walmart's and Best Brands' unlawful acts are not authorized or licensed by Kitchinventions.

36.     Kitchinventions has put Walmart and Best Brands on actual and/or constructive notice of Kitchinventions' rights in the '279 Patent but neither Walmart nor Best Brands have ceased their infringing activities.

37. Kitchinventions has been damaged by Walmart's and Best Brands' acts of infringement of the '279 Patent in an amount to be determined, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

38. Walmart's and Best Brands' infringement has been willful and intentional, entitling Kitchinventions to enhanced damages pursuant to 35 U.S.C. § 284.

39. This is an exceptional case, entitling Kitchinventions to recovery of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

40. Unless Walmart and Best Brands' are restrained from continuing their wrongful acts, Kitchinventions will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

**COUNT II**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D886,547**
**against Walmart and Best Brands**

Kitchinventions repeats and incorporates each and every allegation in paragraphs 1 through 30.

41. With respect to the '547 Patent, the claim chart attached as Exhibit H demonstrates that the resemblance between the patented design and the Infringing Product is such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived into purchasing the Infringing Product supposing it to be the patented design.

42. Walmart and Best Brands' have directly infringed the '547 Patent by making, offering to sell, and/or selling the Infringing Product which infringes the claim of the '547 Patent, in violation of 35 U.S.C. § 271(a).

43. Walmart's and Best Brands' unlawful acts are not authorized or licensed by

Kitchinventions.

44. Kitchinventions has put Walmart and Best Brands on actual and/or constructive notice of Kitchinventions' rights in the '547 Patent but neither Walmart nor Best Brands have ceased their infringing activities.

45. Kitchinventions has been damaged by Walmart's and Best Brands' acts of infringement of the '547 Patent in an amount to be determined, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

46. Kitchinventions is entitled to disgorgement of Walmart's and Best Brands' profits pursuant to 35 U.S.C. § 289.

47. Walmart's and Best Brands' infringement has been willful and intentional, entitling Kitchinventions to enhanced damages pursuant to 35 U.S.C. § 284.

48. This is an exceptional case, entitling Kitchinventions to recovery of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

49. Unless Walmart and Best Brands are restrained from continuing their wrongful acts, Kitchinventions will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

**COUNT III**
**VICARIOUS INFRINGEMENT OF U.S. PATENT NOS. 10,561,279 AND D886,547**
**against Conair**

Kitchinventions repeats and incorporates each and every allegation in paragraphs 1 through 49.

50. Conair is vicariously liable for the direct infringement of the '279 Patent and the '547 Patent as alleged in Counts I and II.

51. A business relationship, most likely a contractual relationship, exists

between Conair and Best Brands, through which Conair would license the Cuisinart brand for use on the Infringing Product in exchange for royalties or other consideration from Best Brands.

52. Conair, as owner of the Cuisinart brand under which the Infringing Product is manufactured, used, imported, offered for sale, and sold, had a right to direct and/or control the use of its Cuisinart brand as to Best Brands products under the Cuisinart brand, such as the Infringing Product.

53. On information and belief, Conair knew or should have known that the Cuisinart brand was being used on the Infringing Product.

54. On information and belief, Conair received a copy of the cease and desist letter sent to Best Brands, on or about the date on which Best Brands received the letter. Therefore, Conair was on actual and/or constructive notice of Kitchinventions' rights in the Asserted Patents.

55. Conair directly benefited from Walmart's and Best Brands' direct infringement while declining to exercise its right and ability to stop or limit the manufacture, use, offer for sale, sale, and/or distribution of the Infringing Product which bears the Cuisinart brand.

56. As a result of Conair's failure to exercise its right to stop or limit the manufacture, sale, and/or distribution of the Infringing Product which bears the Cuisinart brand, Kitchinventions has been damaged.

## JURY DEMAND

Kitchinventions hereby demands on jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Kitchinventions demands the following relief against defendants:

A.  Entry of a judgment against Walmart, Best Brands, and Conair, jointly and severally, awarding Kitchinventions its damages in an amount to be determined but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, plus prejudgment interest;

B.  Entry of a judgment against Walmart, Best Brands, and Conair, jointly and severally, awarding Kitchinventions treble damages pursuant to 35 U.S.C. § 284, plus prejudgment interest;

C.  Entry of a judgment against Walmart, Best Brands, and Conair for disgorgement of each of their respective profits pursuant to 35 U.S.C. § 289 for their separate infringement of the '547 Patent, plus prejudgment interest;

D.  Entry of a judgment finding that this is an exceptional case and ordering Walmart, Best Brands, and Conair to pay to Kitchinventions its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

E.  Entry of a judgment permanently enjoining and restraining Walmart, Best Brands, and Conair, and their respective officers, directors, principals, managers, agents, servants, employees, and attorneys, and those in active concert or participation with any of the foregoing from further acts of infringement of the Asserted Patents; and

F.  Ordering Kitchinventions be awarded such other and further relief as the Court finds just and proper.

Dated: January 13, 2022

                Respectfully submitted,

                __/s/ Griffin Klema_____

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Plaintiff