UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-82068 MIDDLEBROOKS/MATTHEWMAN

KITCHINVENTIONS, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.

WALMART INC.,
a Delaware corporation,

CONAIR LLC,
a Delaware limited liability company,

BEST BRANDS CONSUMER PRODUCTS INC.,
a New Jersey corporation,

BEST BRANDS LICENSING, LLC,
a New Jersey limited liability company,

    Defendants.
_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**WALMART'S AMENDED MOTION TO STAY**

Plaintiff, Kitchinventions, LLC, by and through its attorney, Griffin Klema, Esq., and pursuant to Local Rule 7.1(c)(1), files this, its memorandum of law and response in opposition to defendant Walmart's Amended Motion to Stay [DE 14].

**MEMORANDUM OF LAW**

This lawsuit involves both a utility patent and a design patent alleged to have been infringed by Walmart, and now also Conair, Best Brands Consumer Products, and Best Brands Licensing, pursuant to plaintiff's First Amended Complaint for Damages and Injunctive Relief [DE 16].

The original defendant Walmart moved to stay this action pursuant to the customer-suit exception, claiming it is not the "true defendant." But it is. And one of several, as the amended complaint shows.

The damages available to a design patentee include disgorgement of profits earned by an infringer. 35 U.S.C. § 289. That liability extends both to an original manufacturer, such as Best Brands (or Conair) as well as a retailer. Each infringer's separate acts of infringement leads to separate liability as to each entity, even though they dealt in the same product in a single supply chain. Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F. 3d 1277, 1292 (Fed. Cir. 2002) (affirming separate liability to Catalina as the manufacturer and disgorgement of profits as to its sales to Home Depot, as well as Home Depot's disgorgement of its profits on its sales to end customers). Thus, each infringer is a true defendant of its own accord, and liable as to its own conduct. Therefore, the customer-suit exception does not apply here, where Walmart continued to sell the infringing product after receipt of Kitchinventions' cease-and-desist letter. "[I]n those cases in which a customer suit exception has been held to favor the form of the second-filed action, second action would resolve all charges against the customers in the state suit, including liability for damages." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). Because the quantum of Walmart's profits are separate from those of Best Brands', the customer-suit exception does not apply. Stated differently, Walmart and Best Brands do not share joint liability for infringement of the design patent pursuant to §289 such that an adjudication of damages for Best Brands' infringement is not the same measure as Walmart's damages.

Further, the inclusion of Conair as a party-defendant also obviates the customer-suit exception. Conair is not a customer of Best Brands' infringing product. Katz v. Siegler, 909 F.2d 1459, 1463 (Fed. Cir. 1990) (in evaluating the customer suit exception "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other"). The New Jersey action would not be dispositive of this Florida action. In allowing the case to proceed here is more efficient and in the interests of judicial economy than would be to stay this action pending resolution of the New Jersey litigation.

Finally, Walmart's motion is moot in view of the amended complaint filed by Kitchinventions as a matter of right. The amended pleading not only clarifies the relief sought specifically as to Walmart, but also adds additional defendants and theories of recovery. An amended complaint supersedes the original complaint. Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F. 2d 1356, 1358 (11th Cir. 1982); accord Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012) ("Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case"); Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (an amended pleading "render[s] the original pleading of no effect"); Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) (an amended complaint "controls the case from that point forward"). Accordingly, any pending motion to stay based on the original pleading is rendered moot. Cf, Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002 (9th Cir. 2015); Ellipso, Inc. v. Mann, 460 F.Supp.2d 99, 103 (D.D.C. 2006) (denying motion to dismiss without prejudice so that moving party can re-file motion based on the amended pleading); A Love of Food I, LLC v. Maoz Vegetarian USA, Inc., 795 F.Supp.2d 365, 367 (D. Md. 2011) (denying motion to dismiss as moot

after amended complaint properly filed). Accordingly, the arguments raised by Walmart in its motion to stay are mooted by the amended pleading.

**WHEREFORE**, plaintiff Kitchinventions respectfully requests the court deny defendant Walmart Inc.'s amended motion to stay.

      /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Plaintiff