UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-82068-DMM

KITCHINVENTIONS, LLC,
a Florida Limited Liability Company,

   Plaintiff,

 v.

WALMART INC.,
a Delaware Corporation,

   Defendant.
_____/

**WALMART'S REPLY IN SUPPORT OF ITS MOTION TO STAY
THIS LITIGATION UNDER THE "CUSTOMER-SUIT" EXCEPTION**

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Anthony V. Narula*
Anthony V. Narula, Esq. (FBN 56546)
anthony@axslawgroup.com
eservice@axslawgroup.com

**GOLDBERG COHEN LLP**
Lee A. Goldberg
Morris E. Cohen
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com

*Counsel for Defendant, Walmart Inc.*

1

For the reasons set forth in its initial brief [DE 14] and below, Walmart Inc. ("Walmart"), files this Reply in further support of its Motion to Stay the proceedings due to the "customer-suit exception."

## INTRODUCTION

In its Opposition [DE 17], Plaintiff, Kitchinventions, LLC ("Kitchinventions"), cites inapposite caselaw and factual inaccuracies in an attempt to dissuade this Court from finding that this patent infringement action against Walmart should be stayed. Nothing that Kitchinventions posits will change the undeniable fact that Walmart is a mere reseller of the accused product. The same goes for Kitchinventions' Amended Complaint that adds Conair LLC ("Conair"), Best Brands Consumer Products, Inc.'s ("Best Brands") licensor of the Cuisinart®[1] trademark that is affixed to the accused product, and Best Brands Licensing, LLC, a company that does not even exist. Those parties cannot even properly be sued in Florida, per well-established patent law regarding venue, which will be addressed further in a forthcoming Motion to Dismiss.

The facts, which are supported by declarations attested to under the penalty of perjury, unequivocally show that Best Brands is the manufacturer and seller of the accused product. It uses the Conair licensed Cuisinart® trademark on the accused product. Best Brands sells the accused product to Walmart. Walmart resells that product to the consumer.

When these facts are applied to the appropriate Federal Circuit caselaw and the caselaw of this Circuit, as set forth in Walmart's initial brief [DE 14] and below, this action should be stayed

---

[1] The Amended Complaint should be dismissed because of an improper venue claim against Conair, and no venue claim against Best Brands Consumer Products Inc. and Best Brands Licensing, LLC (a company that does not exist. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017). These added parties will file a separate Motion to Dismiss for improper venue under Rule 12(b)(3).

until the action that is now taking place in New Jersey between Best Brands, the real defendant, and Kitchinventions, is concluded. *See Best Brands Consumer Products, Inc. and Best Brands Sales Company, LLC v. Kitchinventions, LLC*, Case No. 2:21-cv-20023-JMV ("the New Jersey Action").

Simply put, the fact remains that Best Brands and Walmart fit all the criteria for this Court to stay this action, namely: (1) the customer-defendant in the litigation (i.e., Walmart) is merely a reseller; (2) the customer-defendant (i.e., Walmart) agrees to be bound by any decision in favor of the patent owner in the litigation of the true defendant; and (3) the manufacturer (i.e., Best Brands) is the only source of the infringing product.

As such, Walmart's Motion to Stay should be granted in all respects.

## ARGUMENT

### I. THIS CASE AGAINST WALMART SHOULD BE STAYED UNDER THE CUSTOMER-SUIT EXCEPTION

In its Opposition [DE 17] to Walmart's Motion to Stay this case under the customer-suit exception, Kitchinventions wrongly claims that Walmart is a "true defendant." *Id.* at 2. In coming to this conclusion, Kitchinventions argues that "Each infringer's separate acts of infringement leads [sic] to separate liability [for Best Brands and Walmart] as to each entity, even though they dealt in the same product in a single supply chain." *Id.* This very argument was soundly rejected by the Federal Circuit in *In re Nintendo*, 756 F.3d 1363, 1366 (Fed. Cir. 2014). In rejecting the argument that the manufacturer is not the "true defendant," because the retailer may be liable and the patent holder may have different liability among the defendants, the Federal Court noted that the patent holder "has no claim against the Retailers unless the infringement claims against [the manufacturer] are resolved in favor of [the patent holder]." *Id.* The same is true here. No damages can be awarded against Walmart unless, and until, Best Brands is found liable of infringing

Kitchinventions' (alleged) valid patents.  Severing and staying the claims against Walmart avoids unnecessarily imposing the burdens of discovery and trial on a retailer who played no role in the product's development or manufacture.  Kitchinventions fails to cite the *In re Nintendo* case, but instead relies on *Catalina Lighting v. Lamps Plus*, 295 F.3d 1277, 1292 (Fed. Cir. 2002) [DE 17 at 2], which does not even involve the consumer-suit exception.

Moreover, the case of *Altair Instruments, Inc. v. Telebrands Corp.*, 2:19-cv-089967-SJO-JC, 2020 U.S. Dist. LEXIS 73583 (C.D. Cal. March 31, 2020) is directly on point with this matter. In *Altair*, Altair Instruments, Inc. filed suit against Walmart in the Central District of California for patent infringement. Walmart was a mere reseller of the accused product manufactured and sold by Telebrands Corp. ("Telebrands").  *Id.* at *2.  Telebrands filed a declaratory judgment action in New Jersey after the Walmart suit was filed.  *Id*.  Walmart moved to stay the action in California under the customer-suit exception.  *Id*. at *1, *4-7.  As is the case here, (Kassin Supp. Decl. ¶ 6), Telebrands was indemnifying Walmart, and Walmart agreed to be bound by any decision in the declaratory judgment action. *Id.* at *6-7.[2]

In staying the case against Walmart, the Court in *Altair* stated "that Telebrands [like Best Brands] has agreed to indemnify Walmart, and because Telebrands [like Best Brands] as the manufacturer is the 'true defendant' in this case, which is in its early stages, the Court finds judicial economy warrants a stay." *See WP Banquet*, 2016 U.S. Dist. LEXIS 193462, 2016 WL 9450448, at *6 (granting motion to sever and stay as to claims against customer to 'serve the interests of judicial economy and efficiency,' and noting indemnification further supported such an outcome). Moreover, that 'Plaintiff may be entitled to additional damages against the customer defendants'

---

[2] In this case, Walmart has agreed to be bound by any decision in the favor of Kitchinventions concerning the infringement or validity of U.S. Patent No. 10,561,279 and U.S. Design Patent No. D886,547 in the litigation that is now pending in New Jersey between Best Brands and Kitchinventions. DE 14-2, ¶ 3. These are the same patents being asserted in this action.

4

'does not significantly weigh against a customer suit stay.' *Linksmart Wireless Tech. LLC v. Gogo Inc.*, No. LA 18-cv-03335-AG-JDEx, 2018 WL 8367609, at *2 (C.D. Cal. Sept. 18, 2018) (granting stay as to claims against customers). Plaintiff's conclusory statement that Walmart will suffer no harm is unsupported and, in the Court's view, outweighed by Defendants' arguments. Walmart will suffer prejudice from having to participate in a lawsuit in which it is peripherally involved, for which Telebrands [like Best Brands] will bear the cost. On the other hand, Plaintiff's claims against Walmart are preserved and may be pursued upon a showing that Plaintiff is entitled to relief. *Altair*, at *7-8.

Kitchinventions also appears to argue that it is required that "all charges against customers" must be resolved in the suit against the manufacturer, in order for the case to be stayed against the customer. DE 17 at 2. This is simply wrong. As the Federal Circuit stated, "To warrant a stay of the customer suit, the case involving the manufacturer 'need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue.'" *Spread Spectrum LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination.").[3] It is undisputed that the New Jersey Action and this action concern whether the same patents are

---

[3] Kitchinventions' citation to a quote of *Katz v. Siegler,* 909 F2.d 1459, 1463 (Fed. Cir. 1990) that "a primary question [in a customer exception matter] is whether the issues and parties are such that the disposition of one case would be dispositive of the other" is taken totally out of context and has nothing to do with the customer suit exception. However, as stated above, *Katz*, 909 F.2d at 1464 is the more appropriate cite when it comes to the customer suit exception. Not surprisingly, Kitchinventions does not mention that portion of the decision.

infringed and whether they are valid.

In its Opposition, Kitchinventions argues that Conair obviates the customer suit exception because "Conair is not a customer of Best Brands' infringing product." DE 17 at 3. Conair is Best Brands' licensor of the Cuisinart® trademark that is placed on accused product. Regardless of Conair's relationship with Best Brands, it does not affect Walmart being a mere reseller.

On a related issue, Conair and Best Brands will be moving to dismiss this action in a separate motion for improper venue under Rule 12(b)(3) in accordance with the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). Conair is a Delaware corporation with a principal place of business in Connecticut. It has no place of business in Florida. As such, Florida is not the proper venue for Conair. As for Best Brands, Kitchinventions does not even bother to assert any type of venue allegation against Best Brands. *See* DE 16 at 2, ¶ 5.

Kitchinventions also avers that because it filed an Amended Complaint, Walmart's Motion to Stay is mooted. To that end, Kitchinventions claims that "[t]he amended pleading not only clarifies the relief sought specifically as to Walmart, but also adds additional theories of recovery." DE 17 at 3. The Amended Complaint may clarify the relief sought against Walmart or add additional theories of recovery, but it fails to elevate Walmart into being something other than a mere reseller. The facts are the facts, and they remain the same, no matter the allegations in the Complaint or the Amended Complaint. Best Brands licenses the Cuisinart® trademark from Conair. Kassin Supp. Decl., ¶ 4. Best Brands manufactures and sells the accused product to Walmart. DE 14-1, ¶¶ 2-4. Walmart is merely a reseller of the accused products to consumers. It does not manufacture this product. DE 14-2, ¶ 2.

However, because Kitchinventions amended its complaint, in an abundance of caution, Walmart will incorporate its Motion to Stay as part of Best Brands' and Conair's Motion to Dismiss Kitchinventions' Amended Complaint under Rule 12(b)(3) for improper venue.

## CONCLUSION

For these reasons, Walmart's Motion to Stay should be granted in all respects.

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Wynwood, Florida 33127
Telephone: (305) 297-1878

By: */s/ Anthony V. Narula*
Anthony V. Narula, Esq. (FBN 56546)
anthony@axslawgroup.com
eservice@axslawgroup.com

Lee A. Goldberg
Morris E. Cohen
**GOLDBERG COHEN LLP**
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com
*Admitted Pro Hac Vice*

***Counsel for Defendant, Walmart Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2022, a true and correct copy of the foregoing was served on counsel of record via the Court's ECF system.

                                                      */s/ Anthony Narula*
                                                      Anthony Narula